# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-1459

_____

United States of America

*Plaintiff - Appellee*

v.

Adam Brent Branton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: September 9, 2021
Filed: September 30, 2021
[Unpublished]

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Adam Branton appeals the sentence imposed by the district court[1] after he pleaded guilty to drug and firearm offenses. His counsel has moved for leave to

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sentence. Branton has moved for appointment of new counsel.

Upon careful review, we affirm. We do not decide whether the district court properly found Branton to be a career offender, as his career offender status did not affect the Guidelines calculations, and thus any error was harmless. See United States v. Rodriguez, 711 F.3d 928, 939 (8th Cir. 2013) (error in Guidelines calculation was harmless where offense level would have remained the same). We conclude that the district court did not impose a substantively unreasonable sentence, as the court properly considered the factors listed in 18 U.S.C. § 3553(a) and did not err in weighing the relevant factors. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (sentences are reviewed for substantive reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors). Further, the court imposed a sentence below the Guidelines range. See United States v. McCauley, 715 F.3d 1119, 1127 (8th Cir. 2013) (noting that when district court has varied below Guidelines range, it is "nearly inconceivable" that court abused its discretion in not varying downward further).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm the judgment, grant counsel's motion to withdraw, and deny Branton's motion for counsel.

_____